UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL FINCH,** | }<br>} |
| **Plaintiff,** | }<br>} |
| v. | }  Case No.: 1:24-cv-00388-RDP<br>} |
| **LBF EQUITY LLC,** | }<br>} |
| **Defendant.** | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Michael Finch's ("Plaintiff") Motion for Default Judgment against Defendant LBF Equity LLC d/b/a Lee Brass Foundry LLC ("Defendant"). (Doc. # 12). Plaintiff seeks entry of default judgment against Defendant for what he contends is a sum certain damages amount. (Doc. # 12). Plaintiff does not expressly seek entry of default as to liability, although the court construes his motion to include such a request because a finding of liability is a prerequisite for awarding damages. After careful consideration, the court concludes that Plaintiff's Motion is due to be granted in part and denied in part.

**I.     Background**

On April 11, 2024, Plaintiff served Defendant, through its registered agent CT Corporation, with a copy of his summons and complaint. (Doc. # 4). The complaint alleges that Defendant discriminated against him in violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601. (Doc. # 1). Specifically, Plaintiff's complaint contains two counts: (1) FMLA retaliation; and (2) FMLA interference. (*Id.* at 3-7). In his complaint, Plaintiff seeks declaratory and injunctive relief, as well as money damages, for violations of the FMLA. (*Id.* at 7-9).

Despite being properly served, Defendant failed to answer or otherwise respond. (Doc. # 12 ¶ 3). Following the entry of default by the Clerk of Court on June 11, 2024 (Doc. # 11), Plaintiff filed the instant Motion for Default Judgment seeking a default judgment against Defendant in the amount of $54,743.86. (Doc. # 12).

**I.      Standard of Review**

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). However, entry of default judgment is only appropriate when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted). Under this standard, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face, similar to that of a motion to dismiss under Rule 12(b)(6). *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted).

**II.     Analysis**

Plaintiff asserts that Defendant violated the FMLA by both retaliating against him and interfering with the exercise of his FMLA rights. The FMLA applies to employers "who employ 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2601(4)(A)(i). Plaintiff has alleged that Defendant was an employer under the FMLA at all relevant times (Doc. # 1 ¶ 7); therefore, this allegation is

deemed admitted based on Defendant's default. An employee is eligible for FMLA protection if he has been employed for at least twelve months and worked at least 1,250 hours of service with the employer. 29 U.S.C. § 2611(2)(A)(i)-(ii). In his complaint, Plaintiff asserts that he began working for Defendant on February 21, 2011 as a machine operator. (Doc. # 1 ¶ 8). Therefore, his allegation that he is eligible for FMLA protection is also deemed admitted.

The FMLA allows "employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2). In support of this provision, it prohibits an employer from: (1) "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided under [the FMLA]" (the interference clause), and (2) "discharg[ing] . . . any individual for opposing any practice made unlawful by [the FMLA]" (the retaliation clause). 29 U.S.C. § 2615(a). There are "two types of claims for alleged violations of these provisions: interference claims, in which employers burden or outright deny substantive statutory rights to which their employees are entitled, and retaliation claims, in which employers discharge employees for exercising their FMLA right to leave." *O'Connor v. PCA Fam. Health Plan, Inc.*, 200 F.3d 1349, 1352 (11th Cir. 2000) (cleaned up). In Count I of his complaint, Plaintiff alleges facts in support of an FMLA retaliation claim. (Doc. # 1 ¶¶ 18-34). In Count II, Plaintiff asserts that those same facts support an FMLA interference claim. (Doc. # 1 ¶¶ 35-52). Below, the court addresses whether there is a sufficient basis in the pleadings for a judgment of liability as to each of his FMLA claims.

### A.    Plaintiff's FMLA Retaliation Claim

FMLA retaliation claims are analyzed using the same framework that applies to Title VII retaliation claims; so, an FMLA plaintiff must establish the following elements: (1) protected

activity; (2) adverse action; and (3) causation. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1219 (11th Cir. 2021); *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1280 (11th Cir. 2020).

"The FMLA protects an employee who gives '[n]otice of an intent to use FMLA leave in the future.'" *Munoz*, 981 F.3d at 1276 (quoting *Pereda v. Brookdale Senior Living Cmtys., Inc.*, 666 F.3d 1269, 1274-75 (11th Cir. 2012)). Plaintiff alleges that he engaged in a protected activity because he allegedly sought intermittent FMLA leave to assist in the care of his spouse after she had fallen several times in late August or early September 2023 and was diagnosed with atrophy in her brain. (Doc. # 1 ¶¶ 19-21). Plaintiff alleges that Defendant refused to accept the documentation he submitted for FMLA leave, stating that the documents were deficient because the health care provider identified two causes of his spouse's illness: neurological and cardiovascular. (Doc. # 1 ¶¶ 23-25). Defendant advised Plaintiff that a health care specialist would have to choose between the two conditions for approval of FMLA leave. (Doc. # 1 ¶ 26). Plaintiff alleges that while he was attempting to arrange an appointment with the health care specialist to address Defendant's request, he was told that his employment had been terminated. (Doc. # 1 ¶ 27). On October 10, 2023, Plaintiff was informed that his employment had been terminated via text. (Doc. # 1 ¶ 29).

Due to entry of default, Plaintiff's allegations about retaliation in general, and the temporal proximity between his FMLA request and the termination of his employment in particular, are deemed admitted and are sufficient to establish the elements of protected conduct, adverse action, and causation. *See, e.g., Farley*, 197 F.3d at 1337. Accordingly, Plaintiff is entitled to a default judgment on his FMLA retaliation claim in Count I.

### B. Plaintiff's FMLA Interference Claim

"An FMLA interference claim lies if an employee can demonstrate . . . that she was entitled to an FMLA benefit and her employer denied her that benefit." *Munoz v. Selig Enters., Inc.*, 981 F.3d 1265, 1274 (11th Cir. 2020). "The FMLA entitles an eligible employee to twelve work weeks of unpaid leave during any twelve-month period if []he needs the leave in order 'to care for the spouse, or a son, daughter or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.'" *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005) (quoting 29 U.S.C. § 2612(a)(1)(C)). Plaintiff asserts that he was qualified to take intermittent FMLA leave to care for his spouse, that he requested it, and that Defendant denied him that benefit. (Doc. # 1 ¶¶ 35-52). Plaintiff asserts that he was "denied full benefits and rights under the FMLA in that Defendant interfered with the exercise of rights to which he was entitled under the FMLA." (*Id.* ¶ 49). He alleges that the rights include "being pulled out of service and ultimately terminated by Defendant." (*Id.* ¶ 50). These now admitted allegations are sufficient to establish that Plaintiff's right to take FMLA leave was burdened or denied. Accordingly, Plaintiff is entitled to a default judgment on his FMLA interference claim in Count II.

### C. Damages

Plaintiff seeks an award of damages in the amount of $54,743.86. (Doc. # 12). "Under the FMLA, any employer who interferes with an employee's protected rights under the Act is liable to the employee for 'damages' and 'equitable relief'" *Wai v. Fed. Express Corp.*, 461 F. App'x 876, 884 (11th Cir. 2012) (quoting 29 U.S.C. § 2617(a)(1)(A)(i)(I)). "That subsection also covers non-wage monetary losses, interest, and liquidated damages." *Id.* "Liquidated damages are awarded presumptively to an employee when an employer violates the FMLA, unless the employer demonstrates that its violation was in good faith and that it had a reasonable basis for believing

that its conduct was not in violation of the FMLA." *Cooper v. Fulton Cnty.*, 458 F.3d 1282, 1287 (11th Cir. 2006). "The second subsection provides for 'equitable relief,'" which may include "front pay." *Wai*, 461 F. App'x at 884 (quoting 29 U.S.C. § 2617(a)(1)(B)).

Because the damages allegations contained in Plaintiff's complaint are not "for a sum certain or a sum that can be made certain by computation," and because he demanded a jury trial, it will be necessary for a jury to "determine the [appropriate] amount of damages."[1] *See* Rule 55(b); *Anheuser Busch*, 317 F.3d at 1266-67.

### III. Conclusion

For the reasons explained above, Plaintiff's Motion for Default Judgment (Doc. #12) is **GRANTED** as to liability. The Motion for Default Judgment (Doc. # 12) is **DENIED** as to damages pending an evidentiary hearing.

This matter will be **SET** for an evidentiary hearing regarding Plaintiff's damages by separate order.

**DONE** and **ORDERED** this October 25, 2024.

*[signature]*

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE

---

[1] When evaluating a claim for damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Damages may be awarded only if the record adequately reflects the basis for award via a . . . demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (cleaned up). Plaintiff has submitted an affidavit regarding his damages, which includes an attachment that is a computation of his damages. (Docs. # 12-1; 12-2). In his affidavit, Plaintiff alleges that as a result of his wrongful termination, he has incurred $54,743.86 in damages. (Doc. # 12-1 ¶ 5). Although his "Computation of Damages" includes "2022 Wages," "2023 Wages," and "Liquidated Damages" added together to result in the "Total Damages" of $54,743.86, Plaintiff has not at this point cited any authority or evidentiary basis to support an award of that amount. (*See* Doc. # 12-2 at 2). Plaintiff has also failed to explain how he calculated his wages. For example, he does not include any evidence that suggests how much money he made at an hourly rate or how many hours a week he generally worked.