FILED
2025 Sep-03  AM 11:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL FINCH,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  1:24-cv-00388-RDP** |
| | } | |
| **LBF EQUITY LLC,** | } | |
| | } | |
| **Defendant.** | } | |

## ORDER SETTING PRETRIAL CONFERENCE

The above-referenced action is **SET** for pretrial conference on **Thursday, September 25, 2025**, at **9:00 a.m.** in chambers of the undersigned located on the 8th floor of the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama. By notifying chambers **not less than two working days** prior to the scheduled pretrial, attorneys located outside the division or district may request to participate by telephone as long as one attorney per side is present for the pretrial.1 Counsel of record is requested to notify any attorneys subsequently making appearances in this case of the scheduled conference. Counsel is further **DIRECTED** to review and comply with the attached instructions. Counsel should pay close attention to the requirement of presenting a proposed Pretrial Order to the court at least **five (5) business days** prior to the scheduled pretrial conference date.

**DONE** and **ORDERED** this September 3, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE

---

1 The court understands Defendant has defaulted as to liability. Nevertheless, Defendant may appear at the pretrial conference, contribute to any draft pretrial order, and defend against Plaintiff's damages claims at trial.

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

PRETRIAL INSTRUCTIONS
READ CAREFULLY

This case is set for a pretrial conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. This conference will be held in chambers in the federal courthouse in the city specified and at the time indicated on the attached Order.

The conference will address the matters outlined in Rule 16, including the limitation of issues to be tried, ruling on pending motions, and settlement possibilities.

Counsel attending the conference is expected to be well-informed about the factual and legal issues of the case and to have authority to enter appropriate stipulations and participate in settlement discussions. Counsel appearing at the conference may be required to proceed at trial notwithstanding the naming of others as designated trial counsel.

Promptly upon receipt of this notice, Plaintiff's counsel is **DIRECTED** to initiate discussions with other counsel to ascertain which basic facts are not disputed and to clarify the parties' contentions (for example, just what is denied under a "general denial").

At least **five (5) business days** in advance of the conference, Plaintiff's counsel is to: (1) submit (not file) to the Clerk's office (for delivery to the judge's chambers) a **PROPOSED PRETRIAL ORDER** (simultaneously furnishing opposing counsel with a copy), and (2) email the proposed Pretrial Order in either Word or WordPerfect format to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*.[1] It is anticipated that, in most cases, the attached sample proposed Pretrial Order, with only minor insertions and changes will be signed by the court at the conclusion of the conference. The standard Exhibit D to the proposed Pretrial Order will be incorporated by reference into the Pretrial order, but need not be reproduced by counsel unless counsel propose significant changes.

**IMPORTANT**

**PARTIES WHO DO NOT TIMELY COMPLY WITH INSTRUCTIONS REGARDING PREPARATION OF PROPOSED PRETRIAL ORDERS WILL BE SUBJECT TO SANCTIONS, INCLUDING DISMISSAL OR DEFAULT JUDGMENT.**

A sample of a proposed Pretrial Order is attached at the end of these instructions to illustrate the format preferred by the court and the substance of such an order. Each order must, of course, be tailored to fit the circumstances of the individual case. THIS SAMPLE HAS BEEN PREPARED IN THE PROPER FORMAT (*i.e.*, spacing, underlining, justification, bolding, etc.)

---

[1] In the event that Plaintiff is proceeding *pro se*, the burden of complying with the court's requirements for submission of a proposed pretrial order shifts to Defendant.

for submission to the court.  Please use only this format.  Proposed Pretrial Orders in non-jury cases should typically establish a procedure and schedule for preparation of a detailed statement of agreed facts so that evidence at trial can be limited to the particular facts, if any, in actual dispute (a provision establishing such a procedure is shown on the sample order).

The objective is to produce the highest quality of justice in the shortest time and at the lowest cost.  If, in a particular case, the indicated pretrial procedure frustrates this objective or creates problems, counsel are encouraged to confer with one another and contact the court with suggested alternative procedures.

**SAMPLE PROPOSED PRETRIAL ORDER**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
[*Name of Division*] **DIVISION**

| | | |
|---|---|---|
| [*Name of the Plaintiff(s)*], | } | |
| | } | |
| **Plaintiff(s),** | } | |
| | } | |
| **v.** | } | **Case No.:  [*Case Number*]** |
| | } | |
| [*Name of the Defendant(s)*], | } | |
| | } | |
| **Defendant(s).** | } | |

**PRETRIAL ORDER[1]**

A pretrial conference was held in the above case on **[*Date*]**, wherein, or as a result of which, the following proceedings were held and actions were taken:

1.    Appearances.  Appearing at the conference were:

For [***Enter Plaintiff(s)***]:_____

For [***Enter Plaintiff(s)***]:_____

For [***Enter Defendant(s)***]:_____

For [***Enter Defendant(s)***]:_____

[*Include a line for each party in the case, unless the same counsel represents all parties on a particular side.*]

2.    Nature of the Action, Jurisdiction and Venue.

(a)    The nature of this action is as follows:

(b)    The court has subject matter jurisdiction of this action under the following statutes, rules or cases:

---

[1] This Pretrial Order form can be viewed on the court's website at http://www.alnd.uscourts.gov/Proctor/ProctorsPage.htm.

*[List each statute, rule or case claimed to authorize the court's subject matter jurisdiction in this action]*.

      (c)      All jurisdictional and procedural requirements prerequisite to maintaining this action *[have/have not]* been met.

      (d)      Personal jurisdiction and/or venue *[are/are not]* contested.

*[If personal jurisdiction or venue is contested, <u>briefly</u> set out the relevant arguments.]*

      3.      <u>Parties and Trial Counsel</u>. Any remaining fictitious parties are hereby **STRICKEN.**

The parties and designated trial counsel are correctly named as set out below:

|  | Parties: | Trial Counsel: |
|---|---|---|
| Plaintiff(s): | *[Name of the Plaintiff(s)]* | *[Name of Counsel]* |
|  | *[Name of the Plaintiff(s)]* | Same Counsel |
| Defendant(s): | *[Name of the Defendant(s)]* | *[Name of Counsel]* |
|  | *[Name of the Defendant(s)]* | Same Counsel |

*[Include a line and designation for each party in the case.]*

      4.      <u>Pleadings</u>.  The following pleadings have been allowed:

*[List pleadings in the order in which they were filed and allowed.  Do not include pleadings that have been stricken or otherwise disallowed.  See Fed. R. Civ. P. 7(a) for a list of allowable pleadings.]*

      5.      <u>Statement of the Case</u>.

      (a)      <u>Narrative Statement of the Case</u>.

*[The parties shall briefly summarize the case without using "color" words or arguments.  In most cases, this should require no more than three or four sentences.  In a jury trial, this section will be read to the jury venire during the jury selection process.]*

      (b)      <u>Undisputed Facts</u>.

*[The parties shall set out in separately numbered paragraphs each fact that is not in dispute. The parties are reminded that the court, in an effort to reduce the need for evidence at and*

2

*length of the trial, expects them to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement.  In a jury trial, this section will be read to the jury and the jury will be instructed to accept these facts as true.]*

        (c)     <u>Plaintiff's Claims</u>.

*[**For each Defendant, each Plaintiff shall concisely state each legal theory relied upon and shall set out the factual allegations which he/she expects to prove in support of each theory.  Vague, conclusory, and general claims and allegations are not acceptable.  In other words, no <u>weasel wording</u>.  By this stage of the proceedings, Plaintiff is expected to know what the claims are and must state precisely the issues expected to be tried. Each claim must be set out in a separately numbered paragraph, appropriately labeled.  <u>Think common law pleading</u>.  Under each claim, each Plaintiff shall list any citations to the major cases, statutes, etc. that support his/her legal theory.**]*

        (d)     <u>Defendant's Defenses</u>.

*[**For each claim against him/her, each Defendant shall concisely state each legal theory relied upon and shall set out the factual allegations which he/she expects to prove in support of each such legal theory.  Vague, conclusory, and general claims and allegations are not acceptable.  In other words, no <u>weasel</u> <u>wording</u>.  By this stage of the proceedings, Defendant is expected to know what the defenses are and must state precisely the issues expected to be tried.  Each defense must be set out in a separately numbered paragraph, appropriately labeled.  <u>Think common law pleading</u>.  Under each defense, each Defendant shall list any citations to the major cases, statutes, etc. that support his/her theory.**]*

     6.     <u>Discovery and Other Pretrial Procedures</u>.

        (a)     <u>Pretrial Discovery</u>.

            i.     _____     Pursuant to previously entered orders of the court, discovery is closed.

            ii.     _____     The parties are given leave to proceed with further discovery provided it is commenced in time to be completed by _____

        (b)     <u>Pending Motions</u>.

*[**List all pending motions or state that there are no motions pending.  Motions should be listed in separately numbered paragraphs, leaving sufficient space for the court to indicate its rulings below each listed motion.**]*

(c)     Motions In Limine.  Motions in limine must be filed at least one week in advance of the scheduled trial date and shall be accompanied by supporting memoranda.  As to each matter counsel seeks to exclude, counsel shall indicate whether the exclusion is "opposed" or "unopposed" by counsel for the other side.  Parties are encouraged to resolve evidentiary issues by stipulation whenever possible.

7.     Trial Date.

(a)     This case is set for [**Jury/Non-Jury**] trial on _____.
This case will be ready for trial on or after _____.

(b)     The trial of this matter is expected to last _____ days.

8.     Exhibit D.  The parties are to comply fully with each provision contained in Exhibit D -- Standard Pretrial Procedures which is incorporated into this Order by reference as if fully set forth verbatim herein.

It is **ORDERED** that the above provisions be binding on all parties unless modified by further order for good cause shown.

**DONE** and **ORDERED** this _____ day of _____, 20_____.


_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE


4

**EXHIBIT D -- STANDARD PRETRIAL PROCEDURES**

1.    <u>**Damages**</u>.  No later than twenty (20) calendar days prior to the date set for trial, the parties shall file and serve a list itemizing all damages and equitable relief being claimed or sought; such list shall show the amount requested and, where applicable, the method and basis of computation.

2.    <u>**Witnesses – Exchange of Lists**</u>.

   (a)    **Expert Witnesses**.  No later than twenty (20) calendar days prior to the date set for trial, the parties shall file and serve a list stating the names and addresses of all expert witnesses who have previously been identified in accordance with Fed. R. Civ. P. 26(a)(2) and whose testimony may be offered at trial.

   (b)    **Other Witnesses**.  No later than twenty (20) calendar days prior to the date set for trial, the parties shall file and serve a list stating the names and addresses of all witnesses (other than expert witnesses) whose testimony they may offer at trial.

   (c)    **Contents of Lists**.  The parties shall appropriately indicate on their witness lists: (1) the "primary" witnesses – those witnesses whose testimony the party expects to offer; (2) the "optional" witnesses – those witnesses whose testimony the party expects will not be needed, but the party has listed to preserve its right to offer such testimony should the need arise in light of developments at trial, and (3) those witnesses the party expects to present by means of depositions with a listing of the specific pages from the depositions to be used.

Unless specifically agreed by the parties in writing or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not included on the party's witness list.  The listing of a witness does not commit the party to have such witness available at trial or to call such witness to testify, but it does preclude the party from objecting to the presentation of such witness's testimony by another party.

As to any witnesses shown on such list to be presented by deposition, within ten (10) business days after the filing of such list, an opposing party may serve a list of additional pages of the deposition to be used, and may serve and file a list disclosing any objections to the use of such deposition testimony under Rule 32 or Rule 26(a)(3)(B).  Any objections to deposition testimony should be accompanied by excerpts from the depositions including the testimony to which the objection relates.  Objections not made within such time, other than objections under Fed. R. Evid. 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

3.    <u>**Exhibits**</u>.

   (a)    **Exchange of lists**.  No later than twenty (20) calendar days prior to the date set for trial, the parties shall file and serve a list providing an appropriate identification of each document or other exhibit, including summaries of other evidence, separately

identifying those exhibits that the party expects to offer and those exhibits that the party may offer if the need arises. Unless specifically agreed by the parties in writing or allowed by the court for good cause shown, the parties shall be precluded from offering as substantive evidence any exhibit not so identified.

Courtesy copies of Exhibit Lists should be submitted to the Clerk's office (for delivery to the judge's chambers), as well as emailed to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*, in either Word or WordPerfect format.

(b)    **Objections and Stipulations.** Upon receipt of Exhibit Lists, the parties shall immediately meet and confer regarding any objections to the listed exhibits. Most objections should be cured by discussion, and the parties should stipulate as to the admissibility of as many exhibits as possible.

As to any document or other exhibit on which agreement cannot be reached, including summaries of other evidence shown on such list, no later than (10) business days before trial, an opposing party shall serve and file a list disclosing any objection, together with the grounds therefor, that may be made as to the admissibility of exhibits identified on such list. Objections not so disclosed, other than objections under Fed. R. Evid. 402 and 403 are waived, unless such failure to timely object is excused by the court for good cause shown. The court generally rules on objections to exhibits outside the presence of the jury and will do so prior to opening statements, to the extent possible.

(c)    **Counsel requiring authentication** of an opponent's exhibit must notify offering counsel in writing within ten (10) business days after the exhibit is identified and made available for examination. Failure to do so is an admission of authenticity.

(d)    **Marking**. Each party that anticipates offering more than five (5) exhibits as substantive evidence shall premark such exhibits in advance of trial, using exhibit labels and lists available from the Clerk of Court. The court will provide up to 100 labels; if any party needs more labels, that party must use labels of the same type as those supplied by the court. Counsel <u>must</u> contact the courtroom deputy for the appropriate exhibit list form for use at trial. The court urges counsel to be judicious in determining which documents actually are relevant to necessary elements of the case.

(e)    **Examination by Opposing Party**. Except where beyond the party's control or otherwise impractical (*e.g.*, records from an independent third-party being obtained by subpoena), each party shall make such exhibits available for inspection and copying. The presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been identified and was made available for inspection.

2

(f)    **Court's Copies**.  In addition to the premarked trial exhibits mentioned above, the court requests for the bench an exhibit notebook of anticipated trial exhibits (to the extent possible and practical).  The notebook should include a copy of the Exhibit List referenced in "(d)" above.

(g)    **Special and Visual Exhibits**.  Should either side desire to present exhibits via projection onto a screen or monitor or by enlargement, or other special means to present the exhibit to the jury, such exhibits will be limited to the twenty (20) most critical documents to that side's case.  Counsel shall advise opposing counsel at the same time as submission of the Exhibit List which documents it plans to so present. Hard copies of such exhibits must first be identified before projection.  Counsel is responsible for providing whatever technology may be necessary for such projection.

**THE PARTIES ARE REMINDED THAT THEY WILL NOT BE ALLOWED TO USE AT TRIAL ANY WITNESS OR EXHIBIT NOT DISCLOSED IN ACCORDANCE WITH FED. R. CIV. P. 26(a) OR 26(e), UNLESS EXTREMELY GOOD CAUSE IS SHOWN AND THE OFFERING PARTY CAN SHOW THAT ITS FAILURE TO DISCLOSE WAS HARMLESS.** *See* **Fed. R. Civ. P. 37(c)(1).**

4.    <u>**Use of Depositions at Trial**</u>.

(a)    The court will accept the parties' written agreement to use a deposition at trial even though the witness is available.  In the absence of such an agreement, parties must comply with Fed R. Civ. P. 32.

(b)    Before trial, counsel must provide the courtroom deputy with a copy of all depositions to be used as exhibits at trial.

(c)    To the extent possible, counsel will designate the <u>portion</u> of any deposition that counsel anticipates reading by citing pages and lines in the final witness list. Objections, if any, to those portions (citing pages and lines) with supporting authority must be filed at least five (5) business days before trial.

(d)    Use of videotape depositions is permitted and the parties must make good faith efforts to agree on admissibility or edit the videotape to resolve objections.

(e)    In a non-jury trial, for any deposition offered as a trial exhibit, counsel shall attach to the front of the exhibit a summary of what each party intends to prove by the deposition testimony, with line and page citations, and include an appropriate concordance of the deposition pages offered.

5.    <u>**Trial Submissions to Court**</u>.

No later than ten (10) business days prior to the scheduled trial date, each party will submit the following to the Clerk's office (for delivery to the judge's chambers):

(a)     A listing of what each party understands to be the essential elements of each of Plaintiff's claim(s) (separate listing for each claim).

(b)     A listing of what each party understands to be the essential elements of each Defendant's defense(s) (separate listing for each defense).

(c)     A listing of what each party understands to be the essential elements of each Defendant's counterclaim(s), if any (separate listing for each counterclaim).

(d)     A listing of what each party understands to be the essential elements of each defense to any Defendant's counterclaim, if any (separate listing for each defense).

(e)     A listing of any special evidentiary or other anticipated legal problems with citation to legal authority that supports the party's position.

(f)     Any special questions or topics for voir dire examination of the jury venire.

Parties may, if they desire, file trial briefs.  Any such briefs must be filed at least ten (10) business days prior to trial.  Opposing parties may respond to such trial briefs at least five (5) business days prior to trial.  The briefs, if any, should not exceed ten (10) typed pages and must otherwise comply with this court's Exhibit A to the Scheduling Order.  Additionally, three-hole punched courtesy copies of all briefs must be submitted to the Clerk's office (for delivery to the judge's chambers), as well as emailed to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*, in either Word or WordPerfect format.

**6.     Jury Charges**.

No later than five (5) business days prior to the scheduled trial date, the parties shall file a **single, joint proposed jury charge**, including all necessary instructions, or definitions  applicable to the specific issues of the case.  The parties need not submit standard generic instructions regarding routine matters, *e.g.*, burden of proof, credibility of witnesses, duty of jurors, etc.

(a)     **Each** requested **instruction** must be <u>numbered</u> and presented on a separate sheet of paper with authority cited.

(b)     In their joint, proposed jury materials, counsel are to include all necessary instructions or definitions, specifically including:  (1) the *prima facie* elements of each cause of action and defense asserted; (2) legal definitions required by the jury; (3) items of damages; and (4) methods of calculation of damages.  Counsel are to use the Eleventh Circuit Pattern Jury Instructions, or appropriate state pattern jury instructions, as modified by case law or statutory amendments, wherever possible. Any deviations must be identified, and accompanied with legal authorities for the proposed deviation.

(c)     Even if the parties, in good faith, cannot agree on all instructions, definitions or questions, the parties should nonetheless submit a single, **unified** charge.  Each

4

disputed instruction, definition, or question should be set out in bold type, underlined or italics and identified as disputed. Each disputed item should be labeled to show which party is requesting the disputed language. Accompanying each instruction shall be all authority or related materials upon which each party relies. **The parties shall also email the unified charge, in either Word or WordPerfect format, to the chamber's email address at *proctor_chambers@alnd.uscourts.gov*.**

7.      **Court's Expectations**.

(a)      The court will expect all parties to be ready for trial as of the trial date set in the Pretrial Order unless a continuance is requested within ten (10) business days after the date on which the court enters the Pretrial Order. Continuances based on inadequate preparation will not be considered favorably.

(b)      The court calls to the attention of all parties the various time requirements in the Pretrial Order and Exhibits. The court strictly adheres to these time requirements to avoid last minute requests for rulings.

(c)      Any case announced settled after the Pretrial Conference but before the scheduled trial date will be dismissed with prejudice and with costs taxed as paid on the scheduled trial date unless a different stipulated judgment form is submitted on or before the scheduled trial date.

5